STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH TOSCANO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 10, 1975—Decided June 25, 1975.

8

Before Judges KOLOVSKY, LYNCH and ALLCORN.

*Mr. S. M. Chris Franzblau* argued the cause for appellant (*Messrs. Beckerman, Franzblau & Cohen,* attorneys; *Mr. Gary L. Falkin* on the brief).

*Mr. Roy B. Greenman,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

PER CURIAM. Defendant, a chiropractor, appeals his conviction of conspiracy to obtain money by false pretenses. His participation in the conspiracy is mainly bottomed on evidence that he signed a medical report certifying that he had treated an allegedly injured person when in fact he had not done so. The purpose of the conspiracy was to defraud an insurance company by use of the medical report signed by defendant.

On appeal defendant makes the following contentions: (1) that he signed the medical report because of threats from one of his codefendants and that the trial judge erred in refusing to submit the defense of "duress" to the jury; (2) that defendant's motion for an acquittal at the conclusion of the entire case should have been granted; (3) that the judge's charge contained erroneous statements of fact and was prejudicial, and (4) that the judge erred in denying defendant's motion for a severance.

We find no merit in defendant's contentions (2), (3) and (4). In our opinion, only defendant's contention as to the defense of "duress" need be commented upon.

Defendant contended that he signed and delivered the false medical report because he had been threatened by one of his codefendants, "Billy" Leonardo. Defendant testified that he received three calls from him. The last of the calls was made on a Friday, when Leonardo allegedly threatened the doctor that if he did not supply the medical report, he and his wife would "jump at shadows" when they left the doctor's office at night. It was on the following Sunday that the doctor delivered the medical report. Thus, there was an interval of approximately two days between the alleged threat and the doctor's act in furtherance of the conspiracy.

Whether duress is available as a defense to a crime has not been specifically decided by the courts of this State. It has been discussed in *State v. Dissicini,* 126 *N. J. Super.* 565 (App. Div. 1974), aff'd *o. b.* 66 *N. J.* 411 (1975);

*State v. Churchill,* 105 *N. J. L.* 123 (E. & A. 1928), and *State v. Palmieri,* 93 *N. J. L.* 195 (E. & A. 1919).

In *Dissicini* the issue was whether duress was a defense to the charge of murder. The court held that it was not.

In *State v. Palmieri,* the court said:

The effect of duress as a defence in a prosecution for crime does not seem to have been considered in any reported case in this state, and there is considerable divergence of judicial opinion elsewhere concerning it. * * * We are not called upon to decide the fundamental question, because even where duress is recognized as a defence, the rule is substantially uniform that the compulsion which will excuse a criminal act must be present, imminent and impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done. [at 199–200]

In that case, after the alleged threats were made in New York City, defendant went to the scene of the crime and participated therein, "hours, if not days, after the threat," and therefore the threat was not "present, imminent and impending." It was held that duress was not established.

In *State v. Churchill* the court stated:

We further point out that in the present case it is certain that such a condition did not exist. There can be no doubt from the evidence that the defendant knew of the unlawful purpose of his fellow-bandits when, after argument as to which should do it, they, with pistols in their hands, left the car and entered the saloon. If the defendant had been unwilling to "act in complicity" with them his time to quit was then instead of waiting at the wheel for twenty minutes with the motor running while the others were inside.
[105 N. J. L. at 125–126]

Thus, before determining whether duress is available as a defense, there is a threshold question as to whether the duress was "present, imminent and impending." This requirement represents the weight of authority throughout the country. See Annotation, "Coercion, Compulsion or Duress as Defense to Criminal Prosecution," 40 *A. L. R.* 2d 908, 910 (1955). The reason for this requirement is that there must be rigid standards imposed upon use of the

defense of duress lest a defendant "shield himself from prosecution for crime by merely setting up a fear from or because of a threat of a third person." 1 *Wharton, Criminal Law* (12 ed. 1932), § 384 at 516. To this end, where an individual has an opportunity to avoid committing the crime by either calling the police to report the threat or by simply avoiding the criminal act, the defense is not available. Here, defendant had ample opportunity to adopt either alternative between the time of the threat on Friday and the commission of the criminal act on Sunday. The trial judge therefore did not err in holding that the defense of duress was not available to defendant.

The conviction is affirmed.